UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BETTIE M. MORBLEY,**

    **Plaintiff,**

    v.        Case No. 06-C-0751

**COLUMBIA ST. MARY'S HOSPITAL, et al.,**

    **Defendants.**

## DECISION AND ORDER

On July 11, 2006, the pro se plaintiff, Bettie M. Morbley ("Morbley"), filed a complaint. In her complaint she seems to name Columbia St. Mary's Hospital, Hanh Ly, and Randolph Reid as defendants. Accompanying her complaint was a petition and affidavit to proceed in forma pauperis. The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts. Nietzke v. Williams, 490 U.S. 319, 327 (1989). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). In making the latter determination, the court must give a pro se plaintiff's allegations, "however inartfully pleaded," a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).

In her petition and affidavit for leave to proceed in forma pauperis, Morbley states

that she is currently employed and that her total monthly income is $987.30. Morbley also reports that she does not own any car or residence. Her only valuable tangible property is a computer that she values at $800.00. She has $20.00 in the bank. She claims to have one dependent, to wit, a son (although he is 24 years old and consequently no longer a minor; so it is doubtful that he is actually a dependent). However, Morbley presents a litany of monthly expenses for which she claims to be responsible which, when added up, come to $6,568.00. Given the foregoing, I am satisfied that Morbley is indigent for purposes of the in forma pauperis statute.

However, in order for Morbley to be allowed to proceed in forma pauperis, the court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Even after affording Morbley's pro se complaint the liberal construction to which it is entitled, I find that her complaint fails to state a claim upon which relief can be granted. Thus, Morbley's petition to proceed in forma pauperis will be denied and this action will be dismissed.

Morbley's complaint is a rambling litany of matters about which she claims she was treated unfairly by defendant Hanh Ly and Columbia St. Mary's Hospital while Morbley was an employee of Columbia St. Mary's. Indeed, at the conclusion of her complaint, Morbley claims that "[she] was called a tramp, poor person, ugly, stanky, stupid by Hanh and all her senior level employees to hurt my feelings and railroad so I wouldn't want to work at CSM - Columbia St. Mary Hospital nor do overtime." (Comp. at 5.) If the allegations are true, it certainly appears that Morbley was treated poorly. However, merely being treated unfairly or poorly by one's employer is not a violation of federal law. And nowhere in her complaint

does she set forth any allegations that could reasonably be construed to support any sort of claim arising under federal law. Such being the case, her complaint fails to set forth any claim upon which relief can be granted by this court.

**NOW THEREFORE IT IS ORDERED** that plaintiff Bettie M. Morbley's petition to proceed in forma pauperis be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the complaint and this action be and hereby are **DISMISSED**.

**SO ORDERED** this 21 day of July 2006, at Milwaukee, Wisconsin.

/s_____
LYNN ADELMAN
United States District Judge